ALLAN V. ROSE AND CHRISTINA ROSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rose v. Commissioner
Docket No. 22004-83.
United States Tax Court
T.C. Memo 1987-19; 1987 Tax Ct. Memo LEXIS 19; 52 T.C.M. (CCH) 1346; T.C.M. (RIA) 87019; January 12, 1987. Vicki G. Cheikes, for the petitioners. Arnold T. Gould, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: This matter is before the Court on cross-motions for partial summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1978 in the amount of $14,246.00. The issue for our decision is whether petitioners are entitled to deduct a worthless debt pursuant to section 166. [1] The material facts are not in dispute, *20 and this issue can be decided on summary judgment. Rule 121, Tax Court Rules of Practice and Procedure.
FINDINGS OF FACT Petitioners, Allan V. Rose and Christina Rose, are husband and wife who resided in Yonkers, New York at the time their petition was filed. Allan (hereinafter "petitioner") is a real estate developer and builder. On September 15, 1970 petitioner sold a large tract of land near Lake Panamoka, New York (the "property") to Benjamin Lehrer (the "mortgagor") in exchange for a purchase money note secured by a mortgage in the amount of $294,000.00. The note was nonrecourse, payable interest only with the principal payable in full on September 15, 1977. Petitioner assigned the note and mortgage of GIT Realty and Mortgage Investors ("GIT"), now known as GIT industries, Inc., on March 30, 1972 as collateral security for a loan of $282,818.00 pursuant to an agreement of sale and repurchase. The agreement, entitled "Guaranty of Payments and Repurchase of Mortgage," provided in relevant part that petitioner would unconditionally guarantee performance of *21 the mortgagor's obligations and would repurchase the note and mortgage from GIT at par plus accrued interest at the end of 25 months. GIT granted petitioner four written extensions, the final one required petitioner to repurchase the note and mortgage by September 15, 1977, the date the principal fell due on the mortgage. The mortgagor defaulted on the loan and on September 12, 1977, petitioner and GIT entered into a written agreement in which GIT agreed to commence foreclosure proceedings on the mortgage. In exchange petitioner agreed, on the successful completion of the foreclosure proceedings, to pay the amount of any deficiency between the judgment obtained at foreclosure and the sale price of the property, including legal fees not to exceed $15,000.00. If the foreclosure action was not successfully completed or the note was not paid in full, petitioner agreed to repurchase the note for the remaining principal balance plus accrued interest and legal fees by January 10, 1979. GIT purchased the property at the foreclosure sale for $100.00, making it the record owner of the property. GIT did not comply with statutory procedures for requesting a deficiency judgment, and petitioner *22 refused to comply with the agreement of September 16, 1977. On January 11, 1979, GIT commenced an action in state court against petitioner to recover the sum of $372,557.00 (constituting the original loan amount plus accrued interest, costs, disbursements and legal fees) and to require petitioner to take title to the property. Protracted state court litigation followed. On May 1, 1984, the New York Court of Appeals summarily affirmed a lower court decision that petitioner was liable to GIT for $463,624.00 and that upon payment, petitioner was entitled to receive title to the property. GIT Industries, Inc. v. Rose,62 N.Y. 2d 659, 476 N.Y.S. 2d 290, 464 N.E. 2d 988 (1984), affg. 94 A.D. 2d 714, 462 N.Y.S. 2d 245 (1983). Petitioner paid the judgment and reacquired title to the property in 1984. To reach its conclusion that petitioner was liable to GIT, the state court characterized the 1972 agreement between petitioner and GIT as an assignment of the mortgage as collateral security for an independent loan. Consequently, petitioner was the owner of the mortgage at all relevant times and had to bear the loss resulting from the mortgagor's default. *23 Petitioners claimed a $294,000.00 business bad debt deduction under section 166 on their 1978 income tax return resulting from the foreclosure on the mortgage in that year. Respondent concluded that petitioners had not established that the debt became worthless in 1978 and disallowed the deduction. OPINION The parties devote nearly all their energies to debating whether petitioner sold the Lehrer note to GIT or assigned it with a mortgage as collateral security for petitioner's own debt to GIT. Petitioners believe that they are entitled to summary judgment if the Court finds that the note was assigned. Although we believe that the note was assigned, [2] we hold as a matter of law that pursuant to section 1038 petitioners are not entitled to a deduction for worthless debt. *24 Section 166 allows a deduction for business debts that become wholly or partially worthless during the taxable year. As a matter of law, however, we are compelled to find that the debt at issue was not worthless pursuant to section 1038. [3]
Section 1038(a) provides, in general, that upon a seller's reacquiring real property in full or partial satisfaction of an indebtedness secured by the reacquired property which arose from the sale, the debt shall not become worthless. The debt at issue was a nonrecourse note secured by the property that petitioner sold to Lehrer in 1970. Petitioner borrowed money from GIT and secured his loan through an agreement *25 to sell and repurchase the Lehrer note and through a personal guarantee of that note. Petitioner argues that he reacquired the property he had sold to Lehrer upon transfer of title to him in 1984 after paying the judgment GIT had obtained in state court, but we hold that petitioner reacquired the property when GIT foreclosed on the property upon Lehrer's default. For purposes of section 1038, the manner in which the seller reacquires the property is generally immaterial. Section 1.1038-1(a)(3)(ii), Income Tax Regs. The only proceeds from the foreclosure, i.e. $100.00, were credited to reduce the outstanding balance of petitioner's note to GIT. Thus, petitioner received the full benefit of the value of the property he had pledged to secure his loan. We do not think that any tax significance should be accorded to the form of the foreclosure -- i.e., whether petitioner or GIT foreclosed -- the fact is that petitioner was credited with the proceeds of foreclosure as agreed between petitioner and GIT. We find, therefore, that petitioner reacquired the property that he sold to Lehrer upon foreclosure. As a result, the Lehrer note, being nonrecourse (i.e., the holder could only look *26 to the proceeds of sale for satisfying the note), was satisfied. All the elements of section 1038(a) have been satisfied: (1) the sale of real property gave rise to Lehrer's (the purchaser) indebtedness to petitioner (the seller) which was secured by the property sold, (2) petitioner reacquired such property upon foreclosure of the mortgage is satisfaction of Lehrer's indebtedness; (3) the exceptions to the general rule are not applicable. Consequently, petitioners are not entitled to a bad debt deduction for any loss that may have resulted from the foreclosure on the mortgate. Respondent's Cross Motion for Partial Summary Judgment will be granted and Petitioner's Cross-Motion for Partial Summary Judgment will be denied.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect during the year in issue.↩
2. Whether petitioner sold or assigned the Lehrer note to GIT is the precise issue litigated in the state courts and passed on by the New York Court of Appeals, New York's highest appellate court. We see no reason not to accept that court's determination of ownership of the note. The litigation was between adverse parties over a question of property rights finally determined by the highest state court. All the elements making Commissioner v. Estate of Bosch,387 U.S. 456 (1967), applicable are present, and the facts clearly support a finding, for Federal income tax purposes, that the note was assigned. See also Mann v. Commissioner,74 T.C. 1249, 1262↩ (1980).
3. Sec. 1038. CERTAIN REACQUISITIONS OF REAL PROPERTY. (a) GENERAL RULE. -- If -- (1) a sale of real property gives rise to indebtedness to the seller which is secured by the real property sold, and (2) the seller of such property reacquires such property in partial or full satisfaction of such indebtedness, then, except as provided in subsections (b) and (d), no gain or loss shall result to the seller from such reacquisition, and no debt shall become worthless or partially worthless as a result of such reacquisition.↩